**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.
_____

CQGT, LLC, a Colorado limited liability company; CQG, INC., a Colorado corporation,

Plaintiffs,

v.

TRADING TECHNOLOGIES INTERNATIONAL, INC., a Delaware corporation,

Defendant.

## COMPLAINT

Plaintiffs CQGT, LLC and CQG, Inc., through their attorneys Faegre & Benson LLP, submit this Complaint for a declaratory judgment of non-infringement and invalidity, and for their Complaint against Defendant Trading Technologies International, Inc., state as follows:

### PARTIES

1.  Plaintiff CQGT, LLC is a Colorado limited liability company, with its principal place of business in Denver, Colorado.  Plaintiff CQG, Inc. is a Colorado corporation, with its principal place of business in Denver, Colorado.  Plaintiffs CQGT, LLC and CQG, Inc. shall be referred to herein collectively as Plaintiffs.

2.  Defendant Trading Technologies International, Inc. is a Delaware corporation, with its principal place of business in Chicago, Illinois.  Defendant Trading Technologies International, Inc. shall be referred to herein as TTI.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this case pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. The Court also has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, because this case presents a well-pleaded federal question under the Patent Act of 1952 (as amended), 35 U.S.C. §§ 1, et seq.

4. The exercise of *in personam* jurisdiction over TTI comports with the laws of the State of Colorado and the constitutional requirements of due process because, upon information and belief, TTI and/or its agents transact business and/or offer to transact business within the State of Colorado.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

6. There are no current related actions in this District.

## GENERAL ALLEGATIONS

7. This is an action for a Declaratory Judgment that Plaintiffs have not infringed any claim of U.S. Patent No. 6,766,304 or U.S. Patent No. 6,722,132, and that each and every one of the claims of said Patents are invalid.

8. On July 20, 2004, the Commissioner for Patents with the United States Patent and Trademark Office issued U.S. Patent No. 6,766,304 ("the '304 Patent") claiming a method and system for "Click Based Trading With Intuitive Grid Display of Market Depth." A true and correct copy of the '304 Patent is attached as **Exhibit A** and incorporated herein.

9. On August 3, 2004, the Commissioner for Patents with the United States Patent and Trademark Office issued U.S. Patent No. 6,722,132 ("the '132 Patent") also claiming a

method and system for "Click Based Trading With Intuitive Grid Display of Market Depth." A true and correct copy of the '132 Patent is attached as **Exhibit B** and incorporated herein.

10. Upon information and belief, TTI is the assignee of the '304 Patent and the '132 Patent.

11. CQG, Inc. was established in 1980 to supply data and market analysis to futures traders. CQG, Inc. has, in the past, developed and sold computer programs and user interfaces which allows traders to view futures trading data and to analyze that data. The computer programs sold by CQG, Inc. also allow traders to place orders and otherwise trade futures.

12. CQGT, LLC is a company which owns and develops the intellectual property which forms the basis for the computer programs and user interfaces sold by CQG, Inc.

13. TTI has charged Plaintiffs manufacture and offering for sale and selling of Plaintiffs' products constitutes infringement and/or contributory infringement of the '304 Patent and '132 Patent and all claims thereof.

14. By charging Plaintiffs with infringement of the '304 Patent and '132 Patent, TTI's actions have created in Plaintiffs a reasonable apprehension of suit. Representatives of TTI have told representatives of Plaintiffs that TTI will file suit against Plaintiffs unless Plaintiffs agree to the terms of a "Settlement Agreement." Plaintiffs have determined that they can not agree to the terms of the any such "Settlement Agreement."

15. Therefore, a substantial and continuing justiciable controversy exists between Plaintiffs and TTI as to the validity and scope of the '304 Patent and '132 Patent, and as to whether any of Plaintiffs' products infringe any valid claim thereof.

## CLAIM FOR RELIEF

Declaratory Judgment of Non-Infringement and Invalidity of the '304 Patent and '132 Patent
28 U.S.C. § 2201

16.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 14 of this Complaint, as if fully set forth herein.

17.     Plaintiffs have not infringed or committed contributory infringement of any claims of the '304 Patent or '132 Patent by making, using, selling, offering for sale, distributing and/or importing any product, or by practicing any process.

18.     Upon information and belief, Plaintiffs allege that the '304 Patent and '132 Patent, and each and every respective claim thereof, are invalid and unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation, Sections 101, 102, 103, and/or 112.

19.     TTI's charges of infringement of the '304 Patent and '132 Patent with full knowledge of the invalidity of the '304 Patent and '132 Patent makes this an exceptional case warranting an award of Plaintiffs' reasonable attorney's fees and costs under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment in favor of Plaintiffs and against Defendant as follows:

A.      A Declaratory Judgment be entered declaring that Defendant is without right or authority to threaten or to maintain suit against Plaintiffs or their customers for alleged infringement of U.S. Patent No. 6,766,304 or U.S. Patent No. 6,722,132 and that:

   1.     United States Patent No. 6,766,304 is invalid, unenforceable, and not infringed by Plaintiffs; and

     2.     United States Patent No. 6,722,132 is invalid, unenforceable, and not infringed by Plaintiffs.

B.     An award of reasonable attorney's fees and costs incurred by Plaintiffs in the litigation of this matter in compensation for the exceptional circumstances of this case, pursuant to 35 U.S.C. § 285.

C.     Such other relief as the Court may deem just and proper to award.

Dated: August 17, 2005.

                          FAEGRE & BENSON LLP

By:   s/ Mark W. Fischer
        Mark W. Fischer
        1900 15th Street
        Boulder, Colorado 80302
        Telephone: (303) 447-7700
        Facsimile: (303) 447-7800

        E-mail: mfischer@faegre.com

        ATTORNEYS FOR PLAINTIFFS

Plaintiff's Address:
1050 17th Street, Suite 2000
Denver, Colorado 80265