IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 05-cv-01584-REB-OES

CQGT, LLC, a Colorado limited liability company,
CQG, INC., a Colorado corporation,

    Plaintiffs,

v.

TRADING TECHNOLOGIES INTERNATIONAL, INC. a Delaware corporation,

    Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

**Blackburn, J.**

This matter is before me on the following motions: 1) **Defendant Trading Technologies' Rule 12 Motion to Transfer** [#8], filed September 7, 2005; 2) **Trading Technologies International, Inc.'s Motion to Strike Plaintiffs' Notice of Supplemental Authority** [#30], filed December 21, 2005; 3) **Defendant Trading Technologies International, Inc.'s Motion to Strike Certain Allegations and Dismiss Claims II - V of Plaintiffs' First Amended Complaint** [#31], filed December 22, 2005; and 4) **Defendant Trading Technologies' Renewed Rule 12 Motion to Dismiss, Stay, or Transfer Pursuant to 28 U.S.C. § 1404** [#32], filed December 22, 2005. Responses and replies have been filed concerning each of these motions. For the reasons discussed below, [#8] and [#31] are denied, and [#32] is granted.

In their original complaint [#1], filed August 17, 2005, the plaintiffs, CQGT LLC and CQG, Inc. (CQG), asserted a claim for declaratory judgment. CQG sought a judgment declaring that two patents owned by the defendant, Trading Technologies International, Inc. (TT), are invalid. The patents concern electronic trading software and are referred to as the '132 and the '304 patents. Alternatively, CQG sought a judgment declaring that CQG has not infringed either the '132 or '304 patents. CQG's declaratory judgment suit was filed as negotiations between CQG and TT were nearing an end, according to TT, or after negotiations had ended, according to CQG. Two days after CQG's complaint was filed, TT filed a patent infringement action against CQG in the United States District Court for the Northern District of Illinois (Illinois Case). On September 7, 2005, TT filed its motion to dismiss or transfer [#8] in this case.

In its motion to dismiss or transfer [#8] the original complaint, TT argued that this court does not have declaratory judgment jurisdiction over CQG's declaratory judgment claim because license negotiations concerning TT's patents were ongoing between TT and CQG when the complaint was filed. Declaratory judgment jurisdiction exists in a patent matter only when there is an explicit threat or other action by the patentee, which creates reasonable apprehension on the part of the plaintiff that it will face an infringement suit, and when there is present activity, which could constitute infringement or concrete steps taken with intent to conduct such activity. **See, e.g., Phillips Plastics Corp. v. Kato Hatsoujou Kabushiki Kaisha**, 57 F.3d 1051, 1052 (Fed. Cir. 1995). Alternatively, TT argued that I should exercise my discretion to decline the exercise of jurisdiction over the declaratory judgment claims because CQG had waited until an agreed negotiation period was near its end and then raced to the courthouse to preemptively file a declaratory judgment suit.

Currently, the Illinois Case, TT v. CQG, remains pending in the Northern District of Illinois, along with seven other cases involving the same TT patents.  All of these cases now are assigned to Senior United States District Judge, James B. Moran of the Northern District of Illinois.  CQG filed a motion to dismiss the Illinois case for improper venue.  CQG argued that venue for that action was improper in the Northern District of Illinois because CQG had filed this case, the Colorado case, before the Illinois Case was filed.  ***Trading Technologies International, Inc***., 2005 U.S. Dist. Lexis 26514, *3 (D. Ill. October 31, 2005).  Again, both cases concern the '132 and '304 patents.

Noting that "two identical lawsuits should not proceed in federal courts in two different districts," and that the first filed case generally takes priority, Judge Moran analyzed the circumstances of the Illinois and Colorado cases to determine whether the Illinois case should be dismissed for improper venue.  *Id*. at *5 - *6.  The parties agreed that patent cased are bound by the law of the Federal Circuit, rather than regional circuit law.  *Id*. at *6  n.1.  Applying the considerations established by the Federal Circuit, Judge Moran concluded that venue is proper in Illinois.  He concluded that, in filing the Colorado case, CQG was "engaging in tactical strategies similar to the maneuvering the Declaratory Judgment Act was designed to prevent."  *Id*. at *10.  In addition, Judge Moran concluded that the balance of conveniences weighs in favor of consolidating the suits in Illinois, and that the two cases are so similar that consolidation of the two cases is warranted.  *Id*. at *10 - *13.  He also noted the efficiency of resolving all of the related patent infringement actions in one court.  *Id*. at *14.  Judge Moran found that the circumstances of this case support a rejection of the first-filed presumption, and concluded that "we accept jurisdiction and believe that the Colorado court should transfer the related case to Illinois for consolidation with this case."  *Id*. at

*13.

On November 22, 2005, shortly after Judge Moran's order was filed, CQG filed its First Amended Complaint in the Colorado case. TT's renewed motion to dismiss [#32] is addressed to the First Amended Complaint. In addition to their original declaratory judgment claims, CQG added a claim for a judgment declaring that TT has misused the '132 and '304 patents. CQG also added claims that TT has monopolized the market for electronic trading software by asserting its rights under the '132 and '304 patents, in violation of the Sherman Act, 15 U.S.C. § 2; a claim that TT has attempted to monopolize the market for electronic trading software by asserting its rights under the '132 and '304 patents, in violation of the Colorado Antitrust Act, §6-4-105, C.R.S.; and a claim that TT violates the Colorado Consumer Protection Act, §6-1-101 et seq, C.R.S., when it asserts its rights under the '132 and '304 patents as to software which, CQG claims, does not infringe those patents. The filing of the First Amended Complaint mooted TT's Rule 12 Motion to Transfer [#8], filed September 7, 2005, and TT subsequently filed its renewed motion to dismiss, stay, or transfer, requesting similar relief.

Despite the presence of CQG's added claims in the First Amended Complaint, I conclude that this case should be transferred to the Northern District of Illinois. The initial declaratory judgment complaint, asserting the declaratory judgment claims, was an anticipatory filing over which I decline to exercise jurisdiction. The addition of other claims after Judge Moran's order appears to be an attempt to make this case appear to be something other than an anticipatory filing. Whether that is true or not, however, it is clear that all of the claims asserted by CQG in this case are based on the '132 and '304 patents. I agree with the findings and conclusions of Judge Moran concerning the

proper venue for this case, which is directly parallel to the TT v. CGQ case that is pending in the Northern District of Illinois.  In addition, based on the arguments advanced and authorities cited by TT in its motion to dismiss, stay, or transfer [32], and its reply [#42], I conclude that venue for this action is proper in the Northern District of Illinois, that the balance of equities tip strongly in favor of a transfer of this case, and that this case should be transferred to the Northern District of Illinois.  Because I conclude that venue should be transferred to the Northern District of Illinois, I will not undertake to resolve the TT's motion to strike certain allegations and dismiss certain claims [#31].

    **THEREFORE, IT IS ORDERED** as follows:

    1.  That **Defendant Trading Technologies' Renewed Rule 12 Motion to Dismiss, Stay, or Transfer Pursuant to 28 U.S.C. § 1404** [#32], filed December 22, 2005,  is **GRANTED**;

    2.  That under 28 U.S.C. § 1404 this case is **TRANSFERRED** to the United States District Court for the Norther District of Illinois;

    3.  That **Defendant Trading Technologies' Rule 12 Motion to Transfer** [#8], filed September 7, 2005, is **DENIED** as moot;

    4.  That **Trading Technologies International, Inc.'s Motion to Strike Plaintiffs' Notice of Supplemental Authority** [#30], filed December 21, 2005, is **DENIED**; and

5.  That **Defendant trading Technologies International, Inc.'s Motion to Strike Certain Allegations and Dismiss Claims II - V of Plaintiffs' First Amended Complaint** [#31], filed December 22, 2005, is **DENIED** as moot.

Dated September 21, 2006, at Denver, Colorado.

                                          **BY THE COURT:**

                                          **s/ Robert E. Blackburn**
                                          Robert E. Blackburn
                                          United States District Judge